## In re SNYDER.
### Patent Appeal No. 3166.

Court of Customs and Patent Appeals.
Dec. 4, 1933.

BLAND and HATFIELD, Associate Judges, dissenting.

Hoar, Ruhloff & Arnaud, of South Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

494

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, disallowing, for lack of invention in view of the prior art, claim 24 of appellant's application, which claim reads as follows:

"24. An integral cast-metal tread-belt-link for creeping traction, having: a broad ground-engaging portion; a single centrally-located wheel-runway, spaced above the ground-engaging portion; and four upstanding heavy tapered driving and wheel-guiding projections, two on each side of the runway, the driving-surface of each such projection being on that face thereof which is furthest from the other projection on the same side of the runway."

Certain other claims of appellant's application were allowed.

The references relied upon are: Desy, 949,354, February 15, 1910; Bager et al., 1,674,042, February 23, 1926; Fykse, 1,759,-049, May 20, 1930.

The application relates to endless tread-belt links for creeping traction and discloses an integral cast metal tread-belt link which has a broad ground-engaging portion, a single, centrally located wheel runway spaced above, and four upstanding, heavy, tapered driving and wheel-guiding projections. Upon each of said projections there is a driving surface, which is the surface farthest removed from the other projection on the same side of the runway.

Each of the references shows a tread link of the same general type as appellant's link, having a broad ground-engaging portion, a central, raised wheel runway, and flanges or projections at the sides of the runway adapted to guide the tractor wheels and to be contacted at their ends by projected driving lugs on a drive wheel. The link shown in the Desy reference, however, shows three roller paths for broad rollers.

The link shown by Bager et al. has a single wheel runway, as does the link of appellant. The wheel runway in Bager et al. is flanked on each side by an upstanding flange. These flanges are solid, and towards the ends thereof the metal is thicker, forming a heavier structure; the surfaces of the end portions of the flanges which face toward the abutting links when they are formed into a chain are sloped toward the base of the link to form a driving surface for contacting the driving lugs on the drive wheel.

The patent to Fykse shows a further development of the art here involved. In his specification he states that his link is an improved form of the link of Bager et al., and that the principal objects of his invention were to provide a novel means for the extrusion of dirt from the wheel runway of the tread link, to strengthen the link, and to secure the pins which fasten the links together. In the link shown by Fykse a hole is shown in each of the flanges of the runway, through which dirt is extruded from the wheel runway.

Appellant's application states that the alleged invention here involved is an improvement over the links disclosed and claimed by Bager et al. and by Fykse. The distinguishing feature between appellant's link and the links of Bager et al. and Fykse is that the lighter, central portion of the runway flanges, through which the hole extends in Fykse, has been omitted entirely. The wheel runway of appellant's structure is flanked by four upstanding, heavy, tapered driving and wheel-guiding projections, located upon said link at approximately the positions occupied by the ends of the runway flanges of the Bager et al. and Fykse references, thus making four lugs or flanges instead of two as in these references.

The Board of Appeals in its decision said:

"The applicant appears to admit that all he did was to do away 'entirely with the central part of each of Bager's upstanding flanges. For further ease in casting, he tapered the remaining parts of the flanges; and he made them heavy, so as to compensate for the part cut away.'

"A comparison of the applicant's invention with the cited patents, and particularly the Bager patent, shows that the applicant merely removed the intermediate portions of flanges 26 of Bager et al., thereby producing eight upstanding portions instead of four, the purpose being to remove the tendency of the accumulation of dirt between said flanges.

"We are of the opinion that the difficulty, if any, in the operation of the Bager et al. structure would be apparent upon observation and that the removal of the difficulty by removing a portion of said upstanding flanges would be obvious. The strengthening of the parts and the tapering of the upstanding members are obviously within the range of the skilled mechanic."

The Board of Appeals was in error in stating that appellant's structure has eight upstanding portions and that the Bager et al. structure had four. The fact is that the Bager

et al. link had two, and appellant's link has four such projections or flanges. This, however, is not material to the question here involved.

Prior to appellant's application, it appears that the latest development of the art here involved was in the patent to Fykse, where he apparently secured a patent upon the provision for a hole in each flange of the runway, which permitted the wheels to extrude dirt from the wheel runway.

The question involved is a very simple one, namely, whether it would be obvious, as held by the Board of Appeals, to one skilled in the art to omit the central part of each of the runway flanges shown by Bager et al. and Fykse, and make the remaining parts of the flanges heavier and tapered.

We have given due consideration to the rule that this court will not disturb the concurring findings of the Patent Office tribunals upon questions of fact unless manifestly wrong, but we are convinced that what appellant has done would not be obvious to one skilled in the art, with all of the references before him. The Solicitor for the Patent Office has conceded in his brief, and upon oral argument, that appellant's improvement is new and useful. An affidavit in the record shows its very great value. It is apparent that the patentee Fykse recognized the problem of the desirability of extruding dirt from the wheel runway and attempted to solve it. It appears that he was only partially successful, and it does not seem to have occurred to him that the problem could be solved in the simple manner in which appellant has solved it.

It is our opinion that claim 24 should have been allowed by the Board of Appeals and its decision is reversed.

Reversed.

BLAND and HATFIELD, Associate Judges, dissent.